UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF IBEW LOCAL NO. 7 PENSION FUND, TRUSTEES OF IBEW LOCAL NO. 7 ANNUITY FUND, TRUSTEES OF IBEW LOCAL NO. 7 APPRENTICESHIP & TRAINING FUND, TRUSTEES OF IBEW LOCAL NO. 7 LABOR MANAGEMENT COOPERATION FUND and IBEW LOCAL UNION NO. 7,<br><br>Plaintiffs,<br><br>v.<br><br>KIRBY'S ELECTRICAL,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No.<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), particularly 29 U.S.C. Sections 1132(a)(3)(B)(ii), (d)(1) and (f), Section 1145, and the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. Section 185 *et seq.*, to compel John Kirby d/b/a Kirby's Electrical (the "employer") to allow the plaintiff Trustees of the IBEW Local 7 Pension and Annuity Funds to conduct an audit of its business and payroll records.

2. Jurisdiction is conferred on the Court by 29 U.S.C. Sections 1132(e)(1) and (f) and 29 U.S.C. Sections 185(a),(b) and (c), none of which is dependent on the amount in controversy or diversity of citizenship.

3. Venue lies in this district pursuant to 29 U.S.C. Section 1132(e)(2) and U.S.C. Section 185(c).

4. The IBEW Local 7 Pension Fund and the IBEW Local 7 Annuity Fund (hereinafter "the Funds") are trusts established in accordance with 29 U.S.C. §186(c), are employee pension

benefit plans as defined by 29 U.S.C. 1002(2), and are governed by the plaintiff Trustees each of whom is a fiduciary to the plans as defined by 29 U.S.C. §1002(21).

5. IBEW Local 7 ("Union") is a labor organization as defined by 29 U.S.C. Section 152(5).

6. Defendant Kirby's Electrical ("Defendant") is a corporation incorporated and existing under the laws of the State of Massachusetts and having a principal place of business in Agawam, Massachusetts.

7. Defendant is engaged in an industry affecting commerce as defined in ERISA, 29 U.S.C. Section 1002(5), (11) and (12) and as described in LMRA 29 U.S.C. Sections 152(2), (6) and (7).

8. Defendant is and at all material times has been a party to a collective bargaining agreement with the Union.

9. Defendant's collective bargaining agreement with the Union and the trust agreements pursuant to which the Funds are established and maintained, which are incorporated by reference in the collective bargaining agreement, require defendant to make contributions to the Funds for each hour of work performed by its covered employees, and to allow the Funds and their representatives to conduct audits of defendants' books and records.

10. The Funds have repeatedly attempted to conduct an audit of defendant's books and records, but defendant has refused to allow the Funds to conduct such an audit by refusing to provide the plaintiff's auditor access to the necessary records.

WHEREFORE, plaintiffs demand judgment against the defendant as follows:

1.  That defendant be ordered to allow the Funds to conduct an audit of defendant's books and records.

2.  That defendant be ordered to pay to plaintiffs their costs and disbursements, including reasonable attorney's fees in this action, pursuant to 29 U.S.C. Section 1132(g)(1).

3.  That the plaintiffs receive such other legal or equitable relief as this Court deems just and proper.

Dated: October 18, 2017                    Respectfully submitted,

Thomas R. Landry
BBO No. 625004
KRAKOW & SOURIS, LLC
225 Friend Street, Boston, MA 02114
(617) 723-8440
Fax (617) 723-8443
tlandry@krakowsouris.com

_____
Attorney for Plaintiffs